IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| HIS WORD IS TRUTH TRUST, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:22-CV-04099-BCW |
| ) | |
| JODY PASCHAL, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiffs' motion for injunction impending action (Doc. #9), Defendants' motion to dismiss (Doc. #10), and Defendants' motion for an evidentiary hearing (Doc. #15). The Court, being duly advised of the premises, grants Defendants' motion to dismiss.

On June 27, 2022, Plaintiffs, proceeding pro se, filed a complaint arising from a property dispute in Callaway County, Missouri. Plaintiffs Ray Charles Baldwin and Laura Marie Baldwin allege they are acting as trustees of "HIS Word is Truth Trust" and seek redress against Defendants Jody Paschal, the Callaway County, Missouri Assessor, and Sarah Gladman, the Callaway County, Missouri Collector of Revenue.

Plaintiffs argue Defendants will not recognize the "Land Patents #6255 and 8748 on the county records Book #MA489 Page #610." Plaintiffs thus seek a "declaratory judgment on the default judgment recorded in Callaway County Book #498 Page #418" and "correction of our land for the Lant Patent off the Assessor's tax records and civil damages for Deprivation of Rights and Felony Conversion." (Doc. #1).

On July 7, 2022, Plaintiffs filed a motion asking the Court to order an injunction for the land sale of "HIS Word is Truth Trust." (Doc. #9). In support of the motion, Plaintiffs attach a final

1

notice indicating delinquent real estate taxes for the years 2020 and 2021. (Doc. #9-2). The notice further indicates all 2020 taxes must be paid by August 19, 2022, or the land will be subject to sale at a public auction on August 22, 2022.

On July 11, 2022, Defendants filed a motion to dismiss for lack of subject matter jurisdiction, insufficient process, failure to state a claim, and, in the alternative, for a more definite statement. (Doc. #11). On July 22, 2022, Plaintiffs, through "assistance of legal counsel, Richard-Eugene: Warren," filed a response to the motion to dismiss arguing Defendants misrepresented material facts such that legal action is warranted against Defendants' counsel. (Doc. #13). Plaintiffs' response however did not address Defendants' argument that the Court lacks subject matter jurisdiction over the dispute. On July 26, 2022, Defendants filed a reply to their motion to dismiss. (Doc. #14). In response to Plaintiffs' allegations of fraudulent misrepresentations, Defendants filed a motion seeking an evidentiary hearing and an order from the Court addressing the allegations. (Doc. #15).

Because of its dispositive nature, the Court need only consider Defendants' motion to dismiss for lack of subject matter jurisdiction.

Because Plaintiffs are proceeding pro se, the Court considers the content of the motion pursuant to "less stringent standards" than might otherwise apply. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Lomholt v. Holder, 287 F.3d 683, 684 (8th Cir. 2002).

Federal Rule of Civil Procedure 12(b)(1) provides for a motion to dismiss for lack of subject matter jurisdiction. A motion filed under Fed. R. Civ. P. 12(b)(1) may be a facial challenge, or a factual challenge. Moss v. United States, 895 F.3d 1091, 1097 (8th Cir. 2018). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject

matter jurisdiction." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). In the context of a factual challenge, the party asserting federal jurisdiction must establish the existence of federal subject matter jurisdiction by a preponderance of the evidence and is not entitled to any presumption of truthfulness based on the complaint's factual allegations. Id.

"Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States' and is inflexible and without exception." Godfrey v. Pulitzer Publ'g Co., 161 F.3d 1137, 1141 (8th Cir. 1998) (citations omitted). Under 28 U.S.C. § 1331, a district has original jurisdiction of all civil actions arising under the constitution, law, or treaties of the United States. Under 28 U.S.C. § 1332, a district court may exercise diversity jurisdiction over matters arising under state law when the amount in controversy exceeds $75,000 and the parties meet the diversity requirements.

Here, Plaintiffs' complaint asserts that this matter arises under federal question jurisdiction pursuant to "18 USC 241 & 242, 31 USC 3124, 18 USC 8, First Amendment, Fourth Amendment, Ninth Amendment, Tenth Amendment, Fourteenth Amendment, and 18 USC 654." (Doc. #1 at 3). Mere citations to federal statutes however are insufficient to establish federal question jurisdiction. Bilal v. Kaplan, 904 F.2d 14, 15 (8th Cir. 1990) ("The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts.").

The Court, therefore, reviews the factual allegations of the complaint to discern whether this Court has jurisdiction over the instant dispute. The final notice of sale for which Plaintiffs seek redress pertains to delinquent real estate taxes under Mo. Rev. Stat. § 140.150 for property located at 2508 County Road 183 in Williamsburg, Missouri. (Doc. #9-2). The letter is addressed to the Missouri trust "HIS Word is Truth Trust" and is signed by Sarah Gladman, the Collector of

Revenue of Callaway County, Missouri. The letter further indicates that if the taxes are not paid, the land will be sold at a public auction at the Callaway County, Missouri Courthouse. The Court finds there is nothing in the record to support Plaintiffs' assertion of federal question jurisdiction; rather, Plaintiffs' allegations involve a property dispute arising under Missouri law between Missouri citizens. Plaintiffs therefore have failed to prove by a preponderance of the evidence that this Court has subject matter jurisdiction and Defendants' motion is granted on this point. Accordingly, it is hereby

ORDERED Defendants' motion to dismiss (Doc. #10) is GRANTED and the above-captioned matter is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: <u>August 11, 2022</u>

                                                    /s/ Brian C. Wimes  
                                                  JUDGE BRIAN C. WIMES  
                                                  UNITED STATES DISTRICT COURT